UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AUDRAIN JONES,

    Plaintiff,

    v.

ROBERT E. CARTER, et al.,

    Defendants.

CAUSE NO. 3:23-CV-208-JD-MGG

OPINION AND ORDER

Audrain Jones, a prisoner without a lawyer, filed a complaint and an *in forma pauperis* petition. Jones is barred from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g) because he has on three or more prior occasions filed a complaint or appeal which did not state a claim for which relief could be granted. This is commonly known as the "Three Strikes Rule" and Jones has accumulated four strikes:

    (1) *Jones v. Carter*, 3:21-CV-706-DRL-MGG (N.D. Ind. filed Sept. 20, 2021), dismissed Sept. 28, 2021, as frivolous pursuant to 28 U.S.C. 1915A;

    (2) *Jones v. Galipeau*, 3:21-CV-816-JD-MGG (N.D. Ind. filed Oct. 25, 2021), dismissed Dec. 10, 2021, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim;

    (3) *Jones v. Galipeau,* 3:22-CV-91-JD-MGG (N.D. Ind. filed Jan. 31, 2022), dismissed April 11, 2022, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim; and

    (4) *Jones v. Galipeau*, 3:22-cv-948 (N.D. Ind. filed Nov. 14, 2022), dismissing Nov. 17, 2022, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim.

It is not news to Jones that he is three struck. This court has informed him of that fact three times before:

(1) *Jones v. Galipeau,* 3:22-CV-345-JD-MGG (N.D. Ind. filed Apr. 29, 2022) (explaining, in orders dated May 3, 2022, and June 14, 2022, that Jones has accumulated three strikes).

(2) *Jones v. Galipeau*, 3:22-cv-948 (N.D. Ind. filed Nov. 14, 2022) (explaining, in an order dated Nov. 17, 2022, that Jones has accumulated three strikes).

An inmate with three or more strikes "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). In this case, Jones is seeking monetary damages from a multitude of defendants for subjecting him to allegedly unconstitutional conditions of confinement when he was housed at Indiana State Prison. Jones is now housed at Westville Correctional Facility. Therefore, Jones cannot plausibly allege that he is in imminent danger of serious physical injury. Thus, he may not proceed *in forma pauperis* in this case.

In addition, the Seventh Circuit requires that litigants who attempt to "bamboozle" the court – by seeking to proceed *in forma pauperis* after they have been informed that they are barred from doing so – be restricted.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms

of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So, this case will be dismissed, the filing fee assessed, and Jones restricted until he has paid in full all outstanding filing fees and sanctions. The restriction imposed by this order does "not impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Neither does it restrict him from filing a notice of appeal in this case.

For the foregoing reasons, the court:

(1) DENIES the *in forma pauperis* petition (ECF 2);

(2) DISMISSES this case WITHOUT PREJUDICE;

(3) ORDERS the plaintiff, **Audrain Jones, IDOC # 133236**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $402.00 filing fee is paid in full;

(4) DIRECTS the clerk to create a ledger for receipt of these funds; and

(5) DIRECTS the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full

(6) DIRECTS the clerk of court to return, unfiled, any papers filed in any civil case by or on behalf of Jones (except for a notice of appeal in this case and documents related to that appeal, or documents filed in a habeas corpus proceeding) until he has

paid in full all outstanding fees and sanctions in all civil actions in any federal court; and

(7) DIRECTS the clerk to note on the docket of this case any attempted filings in violation of this order.

SO ORDERED on March 15, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT